UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ANTHONY PASSALACQUA and GLEN KLEIN,

               Plaintiff,

     -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER
BERNSTEIN, TOWN OF ISLIP, ANGIE CARPENTER,
TOWN SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

               Defendants.
------------------------------------------X

**VERIFIED
COMPLAINT**

     The plaintiffs, ANTHONY PASSALACQUA and Glen KLEIN, by and

through their attorneys, Young & Young, LLP, by RICHARD W. YOUNG,

SR., ESQ., brings this action to redress the violation of

plaintiffs' rights under the Constitution and Laws of the United

States and complaining of the defendants, COUNTY OF SUFFOLK,

SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE, SUFFOLK COUNTY POLICE

COMMISSIONER GERALDINE HART, SUFFOLK COUNTY EXECUTIVE OFFICER

PISTOL LICENSING BUREAU SGT. WILLIAM WALSH, SUFFOLK COUNTY

COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT

MICHAEL KOMOROWSKI and PISTOL LICENSING BUREAU POLICE OFFICER

BERNSTEIN, TOWN OF ISLIP, ANGIE CARPENTER, TOWN SUPERVISOR,

DIRECTOR OF AIRPORT SECURITY KEVIN BURKE, ISLIP TOWN PERSONNEL
DIRECTOR ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN,
SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS
LORUSSO and SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN, allege as follows:

### JURISDICTION AND VENUE

(1)    This is an action pursuant to 42 U.S.C.
Section 1983 to redress the depravation under color of statute,
ordinance, regulation, custom or usage of rights, privileges and
immunities secured to plaintiffs by the First, Second, Fourth,
Fifth and Fourteenth Amendments to the Constitution of the United
States of America:

(2)    Jurisdiction is conferred on the Court by 28
U.S.C. Section 1343(3) which confers original jurisdiction on
Federal District Courts in suits to redress the deprivation of
rights, privileges and immunities as stated in Paragraph 2
hereof.

(3)    The plaintiffs demand a trial by jury.

### PARTIES

(4)    That in all time herein alleged, plaintiffs
ANTHONY PASSALACQUA and Glen KLEIN were and are still citizens of
the United States and residents of the County of Suffolk, State
of New York.  Plaintiff ANTHONY PASSALACQUA was employed as Peace
Officer with the Town of Islip, Airport Security, having attended
the Suffolk County Police Academy in 2003 and as such had pistol

permits as required by their employment. Plaintiff ANTHONY PASSALACQUA has maintained a pistol permit since 1998. He must maintain this permit as a requirement of his employment as a Peace Officer for the Town of Islip as an Airport Security Officer found under New York State Criminal Procedure Law Section §2.10(75).

(5) Glen KLEIN retired from the NYPD as a Detective on or about January, 2003 and maintained his pistol permit as a retired police officer. Designation as a police officer as defined under New York State Criminal Procedure Law Section §1.20.34(d). Further, he continued his compliance as a person certified under HR 218 to possess and carry firearms under Federal Law in any state, territory or jurisdiction of the United States of America. Plaintiff Glen KLEIN has been authorized to carry a firearm since the date of his employment with the NYPD in January of 1983.

(6) At all times herein relevant defendant COUNTY OF SUFFOLK was and is within the State of New York and is within the territory of the United States and the Eastern District.

(7) That at all times herein relevant defendant COUNTY OF SUFFOLK is a municipal corporation duly organized and existing under the laws of the State of New York. Further, the COUNTY OF SUFFOLK was and is the policy-making and governing body and authority over the SUFFOLK COUNTY POLICE DEPARTMENT.

(8) At all times herein relevant, defendant

SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE is the elected leader of defendant COUNTY OF SUFFOLK and is the chief policy maker for issues under the executive branch of SUFFOLK COUNTY, including the SUFFOLK COUNTY POLICE DEPARTMENT, and upon information belief resides within the County of Suffolk, State of New York within the venue of the United States Eastern District.

(9) At all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART was and is employed as the Commissioner of the Suffolk County Police Department and as such is a policy maker of the policies of the SUFFOLK COUNTY POLICE DEPARTMENT.

(10) At all times herein relevant defendant SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI was employed and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK and as such is a policy maker of SUFFOLK COUNTY.

(11) That at all times herein relevant defendant PISTOL LICENSING BUREAU POLICE OFFICER BERNSTEIN is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and is the investigator assigned to plaintiffs' case.

(12) At all times herein relevant, defendant SGT. WILLIAM WALSH was/is the EXECUTIVE officer of the SUFFOLK COUNTY PISTOL LICENSE BUREAU and as such is a policy maker of SUFFOLK COUNTY.

(13) At all times herein relevant the TOWN OF ISLIP was and is within the State of New York, and is within the territory of the United States and the Eastern District.

(14) That at all times herein relevant, the TOWN OF ISLIP is a municipal corporation duly organized and existing under the laws of the State of New York. Further, that TOWN OF ISLIP was and is the policy-making and governing body and authority over the employment of the Islip Airport Law Enforcement of MacArthur Airport.

(15) At all times herein relevant, defendant TOWN OF ISLIP SUPERVISOR ANGIE CARPENTER is the elected leader of the TOWN OF ISLIP and is the chief policy maker for issues under the executive branch of TOWN OF ISLIP, including ISLIP AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT and upon information and belief resides within the County of Suffolk, State of New York within the venue of the United States Eastern District.

(16) At all times herein relevant, defendant DIRECTOR OF AIRPORT SECURITY TOWN OF ISLIP KEVIN BURKE was and is employed as the DIRECTOR OF THE AIRPORT SECURITY OF THE ISLIP AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT and as such is a policy maker of the policies of the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION MACARTHUR AIRPORT.

(17) At all times herein relevant, defendant ISLIP TOWN PERSONNEL DIRECTOR ARTHUR ABBATE was and still is employed as the Personnel Director of the TOWN OF ISLIP and as such is a

policy maker of the TOWN OF ISLIP.

(18) At all times herein relevant, defendant AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN was and still is employed as the AIRPORT COMMISSIONER of MacArthur Airport, Town of Islip and as such is a policy maker of MacArthur Airport, Town of Islip.

(19)  At all times herein relevant, defendant SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN is employed by the SUFFOLK COUNTY POLICE DEPARTMENT and as such is an employee of the County of Suffolk.

(20) That at all times herein relevant, defendant SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS LORUSSO is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and as such is an employee of the County of Suffolk and according to defendants herein is the "expert" on New York State Law regarding the possession of weapons.

**FEDERAL CAUSES OF ACTION**

(21) At all times herein relevant defendant SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE was employed as the SUFFOLK COUNTY EXECUTIVE and acted under color of state law in his capacity.

(22) That at all times herein relevant, defendant SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART was and is employed as the Commissioner of the Suffolk County Police Department by the COUNTY OF SUFFOLK, and acted under color of

authority.

(23) That at all times herein relevant, defendant SUFFOLK COUNTY LIEUTENANT MICHAEL KOMOROWSKI was and still is employed as the Commanding Officer of the SUFFOLK COUNTY POLICE DEPARTMENT'S PISTOL LICENSE Section for the COUNTY OF SUFFOLK, and acted under color of authority.

(24) That at all times herein relevant, defendant WILLIAM WALSH was/is the EXECUTIVE OFFICER of the PISTOL LICENSING BUREAU, COUNTY OF SUFFOLK, and acted under color of authority as an the EXECUTIVE OFFICER of the PISTOL LICENSING BUREAU, SUFFOLK COUNTY.

(25) That at all times herein relevant, defendant PISTOL LICENSING BUREAU POLICE OFFICER BERNSTEIN was/is employed by the COUNTY OF SUFFOLK, and acted under color of authority as an investigator for the SUFFOLK COUNTY PISTOL LICENSING BUREAU.

(26) At all times herein relevant the TOWN OF ISLIP was and is within the State of New York, and is within the territory of the United States and the Eastern District.

(27) That at all times herein relevant, the TOWN OF ISLIP is a municipal corporation duly organized and existing under the laws of the State of New York. Further, that TOWN OF ISLIP was and is the policy-making and governing body and authority over the employment of the AIRPORT LAW ENFORCEMENT DIVISION OF MACARTHUR AIRPORT.

(28) At all times herein relevant, defendant TOWN

OF ISLIP SUPERVISOR ANGIE CARPENTER is the elected leader of the
TOWN OF ISLIP and is the chief policy maker for issues under the
executive branch of TOWN OF ISLIP, including AIRPORT SECURITY
DIVISION OF MACARTHUR AIRPORT and upon information belief resides
within the County of Suffolk, State of New York, within the venue
of the United States Eastern District.

(29) At all times herein relevant, defendant
DIRECTOR OF AIRPORT SECURITY TOWN OF ISLIP KEVIN BURKE was and is
employed as the Chief of the Airport Security Division of the
ISLIP TOWN AIRPORT LAW ENFORCEMENT DIVISION MACARTHUR AIRPORT and
as such is a policy maker of the policies of the TOWN OF ISLIP
AIRPORT SECURITY DIVISION MACARTHUR AIRPORT.

(30) At all times herein relevant, defendant
ARTHUR ABBATE was and still is employed as the Personnel Director
of the TOWN OF ISLIP and as such is a policy maker of TOWN OF
ISLIP.

(31)At all times herein relevant, defendant SHELLY
LAROSE-ARKEN was and still is employed as the AIRPORT
COMMISSIONER of MACARTHUR AIRPORT TOWN OF ISLIP and as such is a
policy maker of MACARTHUR AIRPORT TOWN OF ISLIP.

(32)  At all times herein relevant, defendant
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN
is employed by the SUFFOLK COUNTY POLICE DEPARTMENT and as such
is an employee of the County of Suffolk.

(33) That at all times herein relevant, the defendant SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS LORUSSO is employed by the SUFFOLK COUNTY POLICE DEPARTMENT's PISTOL LICENSING BUREAU and was an investigator assigned to plaintiffs' case.

(34) On or about September 4, 2018 defendant KEVIN BURKE became the ACTING CHIEF of the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION. His job duties are to oversee the armed peace officers employed by the TOWN OF ISLIP who secure and protect MacArthur Airport and enforce laws all Local, State and Federal Laws and render aid and assistance to employees and visitors of MacArthur Airport. Upon information and belief this was prior to defendant CHIEF KEVIN BURKE officially retiring from the SUFFOLK COUNTY POLICE DEPARTMENT as a Lieutenant with the Emergency Service Section.

(35) On or about October 15, 2018, defendant KEVIN BURKE upon formally retiring from the SUFFOLK COUNTY POLICE DEPARTMENT, became the CHIEF of the TOWN OF ISLIP AIRPORT LAW ENFORCEMENT DIVISION. His job duties are to oversee the armed peace officers employed by the TOWN OF ISLIP who secure and protect MacArthur Airport and enforce all Local, State and Federal Laws, render aid and assistance to employees and visitors of MacArthur Airport.

(36) That the plaintiffs herein incorporate by reference the entire complaint Under Docket No. 19-CV-1546-SJF-

AKT, JENNIFER NIN and DIANE TRITSCHLER V. COUNTY OF SUFFOLK,
SUFFOLK COUNTY EXECUTIVE STEVEN BELLONE et al, including all
attachments thereto.

(37) JENNIFER NIN possessed a patrol rifle
pursuant to New York State Criminal Procedure Law §210.(75) as a
peace officer. Upon being placed on administrative leave she
tendered her weapon to plaintiff ANTHONY PASSALACQUA, a fellow
officer.

(38) Upon information and belief, between November
4, 2018 and November 21, 2018, defendant CHIEF KEVIN BURKE
finding a patrol rifle in the Airport Law Enforcement locked
Sergeants office under 24 hour armed protection and believing it
belonged to JENNIFER NIN, seized said weapon and removed it to
his home.

(39) Upon returning to work on November 22, 2018,
plaintiff Sergeant ANTHONY PASSALACQUA returned to work at
MacArthur Airport and discovered his patrol rifle was removed
from his office. Fellow officers advised him that defendant CHIEF
KEVIN BURKE had removed same believing that it belonged to
JENNIFER NIN.

(40) Plaintiff Sergeant ANTHONY PASSALACQUA texted
defendant CHIEF KEVIN BURKE regarding his removal of his patrol
rifle from the Airport Law Enforcement Office. Defendant CHIEF
KEVIN BURKE advised that he had a weapon but he believed it was
JENNIFER NIN's weapon. Plaintiff Sergeant ANTHONY PASSALACQUA

asked him to bring it back to work the next day he was working which was November 26, 2018.   Please see copy of text messages annexed here as **Exhibit "A"**

(41) On November 26, 2018 plaintiff Sergeant ANTHONY PASSALACQUA returned to work and reported to defendant CHIEF KEVIN BURKE seeking his patrol rifle. During a lengthy conversation defendant CHIEF BURKE stated that other officers said that weapon could be JENNIFER NIN's weapon. Sergeant ANTHONY PASSALACQUA then stated "Do I have to prove to you it's my weapon?". Defendant CHIEF KEVIN BURKE stated that it would be great if plaintiff Sergeant ANTHONY PASSALACQUA would prove to him it was in fact his weapon and not JENNIFER NIN's weapon.

(42) Plaintiff Sergeant ANTHONY PASSALACQUA, the Certified Instructor for Patrol Rifles for the MacArthur Airport Law Enforcement Division, trained and certified by the SUFFOLK COUNTY POLICE DEPARTMENT for such position, produced the Federal Firearms License Log which he maintained. The log demonstrated that this weapon was not the weapon previously registered to JENNIFER NIN.  A copy of plaintiff Sergeant ANTHONY PASSALACQUA's Certificates and Federal Firearms License is annexed here as **Exhibit "B"**.

(43) At that point defendant CHIEF KEVIN BURKE took a picture of the log entry and asked for a photocopy of the log page. Defendant CHIEF KEVIN BURKE then returned the patrol rife to plaintiff Sergeant ANTHONY PASSALACQUA.

(44)   Plaintiff learned that Det. Sgt. MICHAEL FLANAGAN of the 6th Precinct Suffolk County Police Department had been attempting to contact JENNIFER NIN regarding the patrol rifle that defendant KEVIN BURKE had seized previously. Plaintiff Sergeant ANTHONY PASSALACQUA immediately contacted defendant Det. Sgt. MICHAEL FLANAGAN and asked what this was in reference to. Defendant Det. Sgt. MICHAEL FLANAGAN advised that he believed that JENNIFER NIN was in possession of an illegal weapon, i.e. the patrol rifle. Plaintiff Sergeant ANTHONY PASSALACQUA advised that JENNIFER NIN had tendered the weapon to him when she was placed on administrative leave.

(45)   On December 12, 2018 defendant Det. Sgt. MICHAEL FLANAGAN appeared at plaintiff Sergeant ANTHONY PASSALACQUA's training center which is located in the 5th police precinct of the SUFFOLK COUNTY POLICE DEPARTMENT and stated he was there for JENNIFER NIN's weapon. Plaintiff Sergeant ANTHONY PASSALACQUA advised that it was no longer JENNIFER NIN's weapon and had been legally tendered to him under the law.  Plaintiff Sergeant ANTHONY PASSALACQUA inquired as to why a defendant Det. Sgt. MICHAEL FLANAGAN from the 6th precinct was attempting to seize a weapon that JENNIFER NIN maintained at his establishment pending training and further that JENNIFER NIN lived in the 7th Police Precinct, and both MacArthur Airport and plaintiff Sergeant ANTHONY PASSALACQUA's training center were located in the 5th precinct. Det. Sgt. Michael Flanagan was perplexed

himself and admitted the complainant was CHIEF KEVIN BURKE
alleging that JENNIFER NIN's possession of a weapon, which was
only authorized by her prior employment, was now unauthorized.

(46)   After a discussion ensued about the weapon
and plaintiff Sergeant ANTHONY PASSALACQUA's insistence that it
was no longer JENNIFER NIN's weapon, defendant Det. Sgt. MICHAEL
FLANAGAN went outside of the licensed firearms training center.
He returned and claimed that plaintiff Sergeant ANTHONY
PASSALACQUA was not authorized to possess such a weapon under the
New York Safe Act. Plaintiff Sergeant ANTHONY PASSALACQUA
immediately called the New York State Police Gun Desk in front of
defendant Det. Sgt. MICHAEL FLANAGAN and was advised that Airport
Law Enforcement were authorized to possess such weapons.
Defendant Det. Sgt. MICHAEL FLANAGAN refused to speak with the
New York State Police Officer on the telephone. He further stated
that his go to person was a civilian in the SUFFOLK COUNTY PISTOL
LICENSING BUREAU and a named defendant herein, NICHOLAS LORUSSO,
and that he determined that plaintiff Sergeant ANTHONY
PASSALACQUA was a non-exempt Peace Officer under New York State
Criminal Procedure Law §2.10 Sub 75 and therefore pursuant to the
Safe Act could not possess this type of weapon. Plaintiff
Sergeant ANTHONY PASSALACQUA advised that he was trained by the
SUFFOLK COUNTY POLICE DEPARTMENT to be trained in the use of
these weapons and then he was trained by the SUFFOLK COUNTY
POLICE DEPARTMENT to train officers for the Airport Law

Enforcement after enactment of the Safe Act. Plaintiff Sergeant ANTHONY PASSALACQUA further advised that several officers carry these weapons at the airport as part of their duties. This was of no avail. At that time defendant Det. Sgt. MICHAEL FLANAGAN seized five weapons from plaintiff Sergeant ANTHONY PASSALACQUA. A copy of the receipt given to plaintiff Sergeant ANTHONY PASSALACQUA for the seizure of his property is annexed here as **Exhibit "C"**.

(47) Thereafter, defendant Det. Sgt. MICHAEL FLANAGAN stated to plaintiff Sergeant ANTHONY PASSALACQUA's partner at Front Line Training Center, plaintiff Glen KLEIN who is a retired NYPD Detective, that "If Sergeant Anthony Passalacqua just gave us JENNIFER NIN's gun then none of this would be happening and we would have been out of here".

(48) That defendant Det. Sgt. MICHAEL FLANAGAN of the 6th Police Precinct of SUFFOLK COUNTY POLICE DEPARTMENT filed a report dated December 10, 2018 in which he openly admits this entire investigation was spurred on by defendant KEVIN BURKE and that defendant NICHOLAS LORUSSO is the legal expert for the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU who made the determination that plaintiff Sergeant ANTHONY PASSALACQUA could not be in possession of said weapons. This report has been tendered to counsel herein by County Attorney Arlene Zwilling on a prior court date. A copy of said report filed by defendant Det. Sgt. MICHAEL FLANAGAN of the 6th Police Precinct SUFFOLK COUNTY

POLICE DEPARTMENT is annexed hereto as **Exhibit "D".**

           (49)   That defendant Det. Sgt. MICHAEL FLANAGAN of the 6th Police Precinct of the SUFFOLK COUNTY POLICE DEPARTMENT filed a supplemental report dated January 17, 2019. In this supplemental report he again states it was brought about by defendant KEVIN BURKE and that defendant NICHOLAS LORUSSO is the legal expert for the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU who made the determination that plaintiff Sergeant ANTHONY PASSALACQUA could not be in possession of said weapons. This despite his position as a peace officer under the Criminal Procedure Law and in total disregard for his possession of a valid Federal Firearms License which the Safe Act recognizes as an exception to its prohibitions. Defendant Det. Sgt. MICHAEL FLANAGAN openly admits this entire investigation has been classified as **"this Case Remains Closed Non-Criminal".** This report has been tendered to counsel herein by County Attorney Arlene Zwilling on a prior court date. A copy of said supplemental report filed by defendant Det. Sgt. MICHAEL FLANAGAN of the 6th Police Precinct SUFFOLK COUNTY POLICE DEPARTMENT is annexed hereto as **Exhibit "E".**

           (50)   On or about December 21, 2018 plaintiff Sergeant ANTHONY PASSALACQUA received a text from defendant Airport Commissioner SHELLEY LAROSE-ARKEN advising him that he was suspended and should not report to work. Further advising that his union will notify him of a meeting and until such

meeting you will not need to report to work.   Please see a copy
of the text message from Airport Commissioner Shelley LaRose-
Arken to plaintiff Sergeant ANTHONY PASSALACQUA annexed hereto as
**Exhibit "F"**.

(51)   On that date plaintiff Sergeant ANTHONY
PASSALACQUA called the Airport Security Officer and was advised
that SUFFOLK COUNTY POLICE OFFICER Michael Canavaciol had seized
his duty weapons after his locker was broken into, leaving it
unsecured with other personal property therein. Plaintiff
Sergeant ANTHONY PASSALACQUA was not allowed upon Airport
Property and never had his property returned to date.

(52)   Upon returning home on December 26, 2018
plaintiff Sergeant ANTHONY PASSALACQUA received a letter from the
SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU signed by
SUFFOLK COUNTY POLICE LIEUTENANT MICHAEL KOMOROWSKI dated
December 19, 2018 which stated that pending investigation his
pistol license is revoked and ordering him to surrender his
license and any weapons immediately. A copy of said letter is
annexed hereto as **Exhibit "G"**.

(53)   On or about December 26, 2018 retired
plaintiff NYPD Detective Glen KLEIN was notified by letter dated
December 19, 2018, from the SUFFOLK COUNTY POLICE DEPARTMENT
PISTOL LICENSE BUREAU signed by SUFFOLK COUNTY POLICE LIEUTENANT
MICHAEL KOMOROWSKI and dated December 19, 2018 that stated that
pending investigation his pistol license is revoked and ordering

him to surrender his license and any weapons in his possession
immediately. A copy of said letter is annexed hereto as **Exhibit
"H"**.

(54)  That shortly thereafter plaintiff Sergeant
ANTHONY PASSALAQUA was advised by his Union to report to
defendant ARTHUR ABBATE's office for a meeting.

(55)  On or about January 4, 2018 plaintiff
Sergeant ANTHONY PASSALACQUA reported to defendant ARTHUR
ABBATE's office and was terminated from the TOWN OF ISLIP AIRPORT
LAW ENFORCEMENT DIVISION by the defendants TOWN OF ISLIP,
DIRECTOR OF PERSONNEL ARTHUR ABBATE, CHIEF KEVIN BURKE and
AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN. Please see a copy of
plaintiff ANTHONY PASSALACQUA termination letter which is annexed
hereto as **Exhibit "I"**.

(56)  Based upon these facts and the policy of the
Suffolk County Police Department Pistol License Section, they
will not reinstate plaintiff's license which would allow him to
return to his employment. No charges have been filed against
plaintiff ANTHONY PASSALAQUA as such are fraudulent under the
laws of New York State. A review reveals that Suffolk County is
maintaining an unconstitutional policy of seizing weapons without
cause which they openly enforce but refuse to reveal when legally
demanded to do so.

(57)  Plaintiff ANTHONY PASSALACQUA applied for
unemployment insurance through the State of New York Division of

Labor. He was denied unemployment because the TOWN OF ISLIP, DEPARTMENT OF PERSONNEL had informed the investigator for New York State that his separation was voluntarily since he failed to maintain a pistol license required for his employment. Thereafter, plaintiff ANTHONY PASSALACQUA filed an appeal with Department of Labor seeking a hearing. He was contacted by the investigator who stated that the Administrative Law Judge simply wanted to know if his pistol license suspension related to JENNIFER NIN's matter.  Plaintiff said yes. Shortly thereafter plaintiff was awarded his unemployment benefits. Please see plaintiff ANTHONY PASSALACQUA's denial and reversal Unemployment benefits is annexed hereto as **Exhibit "J"**.

(58)  That the plaintiff's Union filed a grievance and to date said matter is pending for return of plaintiff's pistol license seeking an arbitrator to overturn the decision of the defendant TOWN OF ISLIP and ARTHUR ABBATE. Notwithstanding, he has been informed that having a pistol license is a job requirement and that unless defendant COUNTY OF SUFFOLK reinstates his pistol license he will not be able to prevail.

(59)  The Penal Law requires an immediate hearing if a pistol license is taken pursuant to the issuance of an Order of Protection under NYS Penal Law $400.00.

(60)  That plaintiff Sergeant ANTHONY PASSALACQUA was a faithful peace officer with a 16 year career with the TOWN OF ISLIP AIRPORT SECURITY DIVISION MACARTHUR AIRPORT. He never

had any employment issues during all those years of dedicated
service. That since he has not been charged with anything under
the laws of New York State, he is not entitled to a hearing under
the Penal Law of New York State.

(61) On many occasions plaintiff ANTHONY
PASSALACQUA has encountered people he dealt with at the airport
in law enforcement situations.

(62) That plaintiff Sergeant ANTHONY PASSALACQUA
suffers from Stage 2/3 Malignant Brain Tumor since March 2, 2018.
That by firing the plaintiff he has lost all medical insurance
and proper care. This act by the defendants is a violation of
Persons with a Disability Act and done intentionally to promote
his demise.

(63) Likewise, plaintiff Glen KLEIN had 20 years
of service as an NYPD Police Officer without issue. He served
faithfully as a Detective with the Elite and world renowned NYPD
Emergency Service Unit, he responded to the Trade Towers on
September 11, 2001 working there for months of his life. He
retired in good standing with the NYPD.

(64)  Plaintiff GLEN KLEIN had previously had his
pistol permit removed by Suffolk County Police Department in May
2018 when defendant NICHOLAS LORUSSO the Legal Expert of the
SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU alleged he
had seen in a Suffolk County Police Union News Magazine called
"On Patrol", that plaintiff Glen KLEIN was profiled as a 911

responder and he spoke on PTSD. Said article could not be found in any Suffolk Police Union News Magazine "On Patrol" . Please see a copy of the letter suspending his licensed is annexed hereto as **Exhibit "K"**.   Thereafter, plaintiff GLEN KLEIN produced a letter from his doctor which stated he had no issues which would affect his ability to possess weapons. At which point plaintiff GLEN KLEIN's pistol permit and weapons were returned in October of 2018. Please see a copy of the reinstatement letter which is annexed hereto as **Exhibit "L"**. The SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU re-seized the weapons on December 24, 2018. Clearly, making plaintiff a target for the systemic abuse that is renowned by the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU.

(65)   Upon information and belief defendant NICHOLAS LORUSSO, a civilian investigator, was arrested in New Jersey on June 27, 2015 in the State of New Jersey. That further since the original lawsuit was filed defendant NICHOLAS LORUSSO the Legal Expert of the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU has been transferred out of the SUFFOLK COUNTY POLICE DEPARTMENT PISTOL LICENSE BUREAU.

### As and for a First Cause of Action

(66) That the acts and conduct of the defendants herein above alleged in detail in Paragraphs "1" through "65" are a denial of both plaintiffs' rights under the Second Amendment, as well as their rights to due process.

(67) That plaintiff ANTHONY PASSALACQUA's Second
Amendment Constitutional rights were denied him by falsely using
a claim of violation of is right to possess weapons under the
Safe Act of New York State to remove his Second Amendment rights
by the defendants herein, despite no criminal case against him by
their own documents.

(68) That with absolutely no authority or
cognizable reason the plaintiff Glen KLEIN's Second Amendment
rights were and continue to be denied him by the defendants
herein. Despite no criminal case against him by their own
documents.

(69) As a direct and proximate result of the
foregoing, plaintiff Sergeant ANTHONY PASSALACQUA has sustained
and continues to sustain injury and damages consisting of loss of
income, loss of pension, loss of medical benefits, suffered fear,
shock, fright, emotional distress and embarrassment all to his
damage for which the defendants are liable jointly and severally.

(70) As a direct and proximate result of the
foregoing, plaintiff Glen KLEIN has sustained and continues to
sustain injury and damage consisting of fear, shock, fright,
emotional distress and embarrassment all to his damage for which
the defendants are liable jointly and severally liable for.

(71) That the defendants are indebted to plaintiff
ANTHONY PASSALACQUA for an amount of money to be determined by a
trier of fact for the constitutional rights violations of the

defendants.

(72) That the defendants are indebted to plaintiff Glen KLEIN for an amount of money to be determined by a trier of fact for the constitutional rights violations of the defendants.

## As and for a Second Cause of Action

(73) Due to SUFFOLK COUNTY's illegal and unconstitutional policies which are written and enforced with the sole purpose to disregard the 2nd Amendment of the United States Constitution plaintiffs ANTHONY PASSALACQUA and GLEN KLEIN have been damaged. That SUFFOLK COUNTY AND THE SUFFOLK COUNTY POLICE DEPARTMENT have numerous policies for suspending and indefinitely investigating suspensions, despite no criminal case pending against him, thereby denying citizens rights under the Second Amendment of the United States Constitution.

(74) That New York State has passed restrictive gun laws. However, the United States has passed HR218/S1132 which exempts retired law enforcement officers who qualify annually with the police approved duty firearms at a law enforcement range. Plaintiff Glen KLEIN has maintained his pistol license under New York State Penal Law §400, as well as maintaining his exemptions under HR218/S1132. The COUNTY OF SUFFOLK has seized valuable property from plaintiff Glen KLEIN and his right to protect himself for absolutely no valid reason. Detective Klein, a retired officer of NYPD, is subject to death threats which have continued against all Police officers and retired Police officers

to date by known gangs, including ms13, crypts, bloods, folks and others. These warnings regularly get out to all members and retired members of Law enforcement.

(75) That the defendants intentionally violated and continue to do so, the Second Amendment of the United States Constitution by refusing to issue or refusing to return an individual's right to carry a firearm. That such conduct is illegal, particularly where their own investigation is closed non-criminal. That plaintiffs' remedy under this cause of action is to seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section as no other remedy can resolve their utter disregard for the 2nd Amendment of the United States Constitution.

## As and for a Third Cause of Action

(76) That the defendants intentionally violated plaintiffs' Second Amendment Rights under the United States Constitution and did thereby violate the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution by seizing plaintiffs' property and holding same without legal authority and without just compensation, without due process, and thereby caused plaintiff ANTHONY PASSALACQUA to suffer severe punishment and loss of employment, medical benefits, pension rights based upon a fraudulent investigation after a verbal dispute between two co-workers. That such conduct is illegal.

That plaintiffs seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section.

### As and for a Fourth Cause of Action

(77) That the defendants intentionally violated plaintiff's Eighth Amendment of the United States Constitution by seizing plaintiff ANTHONY PASSALACQUA's firearms in that their joint actions have caused him to be punished excessively with loss of employment, benefits (including medical) pension rights and benefits and other losses to be presented to a trier of fact. That such conduct is illegal. That plaintiff ANTHONY PASSALACQUA seek to have a Special Federal Court Monitor appointed to oversee all negative actions and decisions taken by the Suffolk County Police Department's Pistol Licensing Section. Despite there being no criminal case pending against him.

### As and for a Fifth Cause of Action

(78) That the defendants joined in a conspiracy to deny plaintiff GLEN KLEIN and ANTHONY PASSALACQUA's Constitutional Rights guaranteed them under the United States Constitution despite there being no criminal case ever pending against them.

### As and for a Sixth Cause of Action

(79) That the defendants jointly have violated their civil rights and have seized the plaintiffs' property and thereby converted their property without authority to do so and

without legal compensation for same.

### As and for a Seventh Cause of Action

(80) That the defendants jointly have embarked upon conduct to intentionally violate their constitutional rights and have defamed and slandered the plaintiffs thereby causing harm to their reputations and business.

**WHEREFORE:** Plaintiffs demand judgment against the defendants as follows:

A.  On the Federal Causes of Action pursuant to 42 U.S.C. Section 1983 for compensatory damages in the amount to be determined by the triers of fact against the defendants in naming them all jointly and severally;

B.  Against the individual defendants for punitive damages in a sum to be determined by the triers of fact;

C.  Appointment of Special Federal Court Monitor appointed to review all of the Suffolk County Police Department's pistol licensing polices and determinations regarding the revocation, suspension and denial of pistol licenses;

D.  On all other causes of actions the plaintiff seek appropriate compensation to be determined by a trier of fact;

E.  Reasonable attorneys fees pursuant to 42 U.S.C. Section 1988 and the costs of disbursements in this action.

Dated:   Central Islip, New York
         October 10, 2019

_Richard W. Young_

Richard W. Young, Esq.  (RWY 7633)
Young & Young, LLP.
Attorney for Plaintiffs
863 Islip Avenue
Central Islip, N.Y. 11722
(631) 224-7500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
ANTHONY PASSALACQUA and GLEN KLEIN,

                         Plaintiff,          **NOTICE AND
                                             ACKNOWLEDGEMENT OF
          -against-                          RECEIPT OF SUMMONS
                                             AND COMPLAINT**

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER BERNSTEIN,
TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

                         Defendants.
------------------------------------------X

                         NOTICE

TO:  COUNTY OF SUFFOLK

     The enclosed summons and complaint are served pursuant
     to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil
     Procedure. You must complete the acknowledgment part of
     this form and  return one copy of the completed form to
     the sender within twenty (20) days. You must sign and
     date the acknowledgment.  If you are served on behalf
     of a corporation, unincorporated association (including
     a partnership), or other entity, you must indicate
     under you signature your relationship to that entity.
     if you are served on behalf of another person and you
     are authorized to receive process, you must indicate
     under signature your authority. If you do not complete
     and return the form to the sender within twenty (20)
     days, you (or the party on whose behalf you are being
     served) may be required to pay any expenses incurred in
     serving a summons and complaint in any other manner

permitted by law. If you do not complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within twenty (20) days.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. I declare under penalties of perjury that this Notice and Acknowledgement of Receipt of Summons and Complaint was served on

_____

Dated:      _____



ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

If declare under penalties of perjury that I received a copy of summons and complaint in the above-captioned matter at_____.

Date:_____          _____

          Relation/Authority:   _____

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF SUFFOLK      )


     Anthony Passalaqua, being duly sworn, deposes and says:

     I am the plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge and those alleged upon information and belief as I believe them to be true.

                                                    Anthony Passalaqua

Sworn to before me this
10th day of October, 2019

_____
Notary Public

MELINDA OSIK
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01OS4968198
COMM. EXP 09-18-20

STATE OF NEW YORK      )
                       )   ss.:
COUNTY OF SUFFOLK      )


Glenn Klein, being duly sworn, deposes and says:

I am the plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge and those alleged upon information and belief as I believe them to be true.

_____
Glenn Klein

Sworn to before me this
*10th* day of October, 2019

_____
Notary Public

MELINDA OSIK
NOTARY PUBLIC STATE OF NEW YORK
SUFFOLK COUNTY
LIC. #01OS4960192
COMM. EXP. 09-16-20