UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY PASSALACQUA and GLENN KLEIN,

                    Plaintiffs,

                -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER BERNSTEIN,
TOWN OF ISLIP, ANGIE CARPENTER, TOWN
SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,

                    Defendants.
-----------------------------------------------------------------X

**ANSWER**

Index No.: 19-cv-05738

**JURY DEMAND**

Defendants, Town of Islip, Town Supervisor Angie Carpenter, Director of Airport Security Kevin Burke, Islip Town Personnel Director Arthur Abbate and Airport Commissioner Shelley[1] Larose-Arken ("Town Defendants"), by their attorney, John R. DiCioccio, Islip Town Attorney, answering Plaintiffs' complaint respectfully:

1. Neither admit nor deny the allegations contained in paragraph "1"and respectfully refers all questions of law and fact to this honorable Court.

2. Neither admit nor deny the allegations contained in paragraph "2"and respectfully refers

---

[1] Please take note that Defendant Shelley Larose-Arken's name is misspelled in the caption of this case.

all questions of law and fact to this honorable Court.

3. Neither admit nor deny the allegations contained in paragraph "3" and respectfully refers all questions of law and fact to this honorable Court.

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5" of the Complaint.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12" of the Complaint.

13. Admit the allegations contained in paragraph "13" of the Complaint.

14. Admit the allegations that the Town of Islip is a municipal corporation duly organized and

existing under the laws of the State of New York, but deny the remainder of the allegations contained in paragraph "14" of the Complaint.

15. Admit that Angie Carpenter is the elected Supervisor of the Town of Islip, but deny the remainder of the allegations contained in paragraph "15" of the Complaint.

16. Admit that Kevin Burke is employed as the Director of the Airport Security for the Town of Islip, but deny the remainder of the allegations contained in paragraph "16" of the Complaint.

17. Admit that Arthur Abbate was and still is employed as the Personnel Director of the Town of Islip, but deny the remainder of the allegations contained in paragraph "17" of the Complaint.

18. Admit that Shelley Larose-Arken was and still is employed as the Airport Commissioner of MacArthur Airport, but deny the remainder of the allegations contained in paragraph "18" of the Complaint.

19. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "19" of the Complaint.

20. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "21" of the Complaint.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "22" of the Complaint.

23. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "23" of the Complaint.

24. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "24" of the Complaint.

25. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26. Admit the allegations contained in paragraph "26" of the Complaint.

27. Admit the allegations that the Town of Islip is a municipal corporation duly organized and existing under the laws of the State of New York, but deny the remainder of the allegations contained in paragraph "27" of the Complaint.

28. Admit that Angie Carpenter is the elected Supervisor of the Town of Islip, but deny the remainder of the allegations contained in paragraph "28" of the Complaint.

29. Admit that Kevin Burke is employed as the Director of the Airport Security for the Town of Islip, but deny the remainder of the allegations contained in paragraph "29" of the Complaint.

30. Admit that Arthur Abbate was and still is employed as the Personnel Director of the Town of Islip but deny the remainder of the allegations contained in paragraph "30" of the Complaint.

31. Admit that Shelley Larose-Arken was and still is employed as the Airport Commissioner of MacArthur Airport, but deny the remainder of the allegations contained in paragraph "31" of the Complaint.

32. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "32" of the Complaint.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "33" of the Complaint.

34. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "34" of the Complaint, except admit that Kevin Burke was hired by the Town of Islip on September 4, 2018; Kevin Burke is currently employed as the Airport Security Director.

35. Deny knowledge and information sufficient to form a belief as to the allegations contained

in paragraph "35" of the Complaint, except admit that Kevin Burke was hired by the Town of Islip on September 4, 2018; Kevin Burke is currently employed as the Airport Security Director.

36. Neither admit nor deny the allegations contained in paragraph "36" and respectfully defers the Court to determine the permissibility of this allegation and refers the Court to the Town Defendants' Answer filed in connection with Docket No. 19-cv-1546.

37. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "37" of the Complaint.

38. Deny the allegations contained in paragraph "38" of the complaint.

39. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "39" of the Complaint.

40. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "40" of the Complaint.

41. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "41" of the Complaint.

42. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "42" of the Complain.

43. Deny the allegations contained in paragraph "43" of the complaint.

44. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "44" of the Complaint.

45. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "45" of the Complaint, except admit that Plaintiff, Jennifer Nin's, pistol license was suspended.

46. Deny knowledge and information sufficient to form a belief as to the allegations contained

in paragraph "46" of the Complaint.

47. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "48" of the Complaint.

49. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "49" of the Complaint.

50. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "50" of the Complaint.

51. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "51" of the Complaint.

52. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "52" of the Complaint.

53. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "53" of the Complaint.

54. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "54" of the Complaint.

55. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "55" of the Complaint, except admit that Plaintiff, Anthony Passalacqua, was terminated from the Town of Islip on January 4, 2019.

56. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "56" of the Complaint.

57. Deny knowledge and information sufficient to form a belief as to the allegations contained

in paragraph "57" of the Complaint.

58. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "58" of the Complaint.

59. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "59" of the Complaint.

60. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "60" of the Complaint.

61. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "61" of the Complaint.

62. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "62" of the Complaint.

63. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "63" of the Complaint.

64. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "64" of the Complaint.

65. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "65" of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

66. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "65" of this Answer with the same force and effect as though fully set forth herein, and deny the allegations contained in paragraph "66" of the Complaint.

67. Deny the allegations contained in paragraph "67" of the Complaint.

68. Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph "68"of the Complaint.

69. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "69"of the Complaint.

70. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "70"of the Complaint.

71. Deny the allegations contained in paragraph "71" of the Complaint.

72. Deny the allegations contained in paragraph "72" of the Complaint.

### AS AND FOR THE SECOND CAUSE OF ACTION

73. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "72" of this Answer with the same force and effect as though fully set forth herein, and deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "73" of the Complaint.

74. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "74"of the Complaint.

75. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "75"of the Complaint.

### AS AND FOR THE THIRD CAUSE OF ACTION

76. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "75" of this Answer with the same force and effect as though fully set forth herein, and deny the allegations contained in paragraph "76" of the Complaint.

### AS AND FOR THE FOURTH CAUSE OF ACTION

77. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "76" of this Answer with the same force and effect as though fully set

forth herein, and deny the allegations contained in paragraph "77" of the Complaint.

### AS AND FOR THE FIFTH CAUSE OF ACTION

78. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "77" of this Answer with the same force and effect as though fully set forth herein, and deny the allegations contained in paragraph "78" of the Complaint.

### AS AND FOR THE SIXTH CAUSE OF ACTION

79. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "78" of this Answer with the same force and effect as though fully set forth herein, and deny the allegations contained in paragraph "79" of the Complaint.

### AS AND FOR THE THIRD CAUSE OF ACTION

80. The Town Defendants repeat, reiterate and reallege each and every response provided in paragraphs "1" through "79" of this Answer with the same force and effect as though fully set forth herein, and deny the allegations contained in paragraph "80" of the Complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

81. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

82. If the Plaintiffs sustained any damages, such damages were the result of the Plaintiffs' own acts, omissions or culpable conduct.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

83. Any damages sustained by Plaintiffs are due solely to the actions of others not under the control of the Town Defendants.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

84. Plaintiffs' action is barred by laches, estoppel and/or doctrine of unclean hands.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

85. Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

86. Plaintiffs have failed to exhaust administrative and state law remedies.

### AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

87. Plaintiffs constitutional and/or statutory rights have not been violated by the answering defendants herein.

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

88. Plaintiffs lack a property or other protected interest in the matters for which they have claimed a constitutional deprivation or civil rights violation

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

89. The Complaint fails to allege the existence of a municipal custom, policy or practice that has caused a deprivation of Plaintiffs' rights.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

90. That at all the times herein mentioned and mentioned in the Complaint, the Town Defendants having anything to do with the Plaintiffs were in the performance of their respective duties as agents, servants and/or employees of the TOWN OF ISLIP; that all of the acts of the Town Defendants in connection with the Plaintiffs were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties as agents, servants and/or employees of the TOWN OF ISLIP and as required by them and each of them by reason of the conduct of the Plaintiffs.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

91. The Town Defendants are immune from the claims asserted herein under the law and

doctrines of governmental and discretionary immunity.

## AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

92. At all times relevant to the acts alleged in the Complaint, Town Defendants, their agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion. Town Defendants are entitled to absolute, legislative, discretionary, and all other available immunities.

## AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

93. The Defendants' actions were not unreasonable in character and were the product of discretionary state action and thus not subject to suit.

## AS AND FOR THE FOURTEENTH AFFIRMATIVE DEFENSE

94. Town Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR THE FIFTEENTH AFFIRMATIVE DEFENSE

95. Plaintiffs' claims are barred by their failure to comply with the conditions precedent to suit.

## AS AND FOR THE SIXTEENTH AFFIRMATIVE DEFENSE

96. The action against the individual Town Defendants in their official capacities fails as it is redundant of the claims brought against the Town of Islip.

## AS AND FOR THE SEVENTEETH AFFIRMATIVE DEFENSE

97. The Town Defendants' actions were not the proximate or actual cause of the damages alleged in the Complaint.

## RESERVATION OF RIGHTS

98. The Town Defendants reserve all rights to amend this pleading and to assert such additional affirmative defenses and counterclaims/cross-claims as may exist pending further investigation and discovery.

**WHEREFORE**, Defendants, Town of Islip, Town Supervisor Angie Carpenter, Director of Airport Security Kevin Burke, Islip Town Personnel Director Arthur Abbate and Airport Commissioner Shelley Larose-Arken demand judgment as follows:

    A. Dismissing the Complaint in its entirety;

    B. Awarding costs and disbursements to defendants;

    C. Awarding attorneys fees pursuant to 42 USC § 1988;

    D. Awarding defendants such other, further and different relief that this Court may deem just and proper.

Dated: Islip, New York
       October 31, 2019

                        Yours etc.,
                        JOHN R. DiCIOCCIO
                        TOWN ATTORNEY

                        John R. DiCioccio, Islip Town Attorney
                        *Attorneys for Town Defendants*
                        Town of Islip
                        655 Main Street
                        Islip, New York 11751

TO:    All Counsel via ECF