UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY PASSALAQUA and GLEN KLEIN,

                                            Plaintiff,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE
STEVEN BELLONE, SUFFOLK COUNTY POLICE
COMMISSIONER GERALDINE HART, SUFFOLK
COUNTY PISTOL LICENSING BUREAU EXECUTIVE
OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY
COMMANDING OFFICER OF THE PISTOL LICENSING
BUREAU LIEUTENANT MICHAEL KOMOROWSKI,
PISTOL LICENSING BUREAU POLICE OFFICER
BERNSTEIN, TOWN OF ISLIP, ANGIE CARPENTER,
TOWN SUPERVISOR, DIRECTOR OF AIRPORT SECURITY
KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR
ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY
LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING
BUREAU INVESTIGATOR NICHOLAS LORUSSO and
SUFFOLK COUNTY POLICE DEPARTMENT DETECTIVE
SGT. MICHAEL FLANAGAN,,

19-cv-05738(SJF)(AKT)

                                            Defendants.

## SUFFOLK COUNTY DEFENDANTS' REPLY
## MEMORANDUM OF LAW

DATED:     Hauppauge, New York
                July 3, 2020

                                      Respectfully submitted,

                                      Dennis M. Cohen
                                      Suffolk County Attorney
                                      Attorney for County Defendants
                                      H. Lee Dennison Building
                                      100 Veterans Memorial Highway
                                      Hauppauge, New York 11788

                                      By:   Arlene S. Zwilling
                                            Assistant County Attorney

## PRELIMINARY STATEMENT

County defendants submit this memorandum of law in reply to plaintiffs' submission in opposition to their motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the Complaint as against them, and in further support of the motion.

## POINT I

### COUNSEL'S UNSUPPORTED FACTUAL ALLEGATIONS SHOULD BE DISREGARDED

Plaintiffs submit a document entitled "Plaintiffs' Declaration in Support of Their Opposition to Suffolk County Defendants' Motion to Dismiss." The title of the document is misleading in that the document is not sworn to by either plaintiff. It is instead a declaration of counsel that purports to extensively detail the facts, some of which are not set forth in the complaint. Plaintiffs also submit a memorandum of law which is replete with unsworn factual assertions of counsel.[1] Such unsworn factual statements by counsel should be disregarded. See *Rubinberg v. Hydronic Fabrications, Inc.*, 775 F. Supp. 56 (E.D.N.Y. 1991) quoting *Ortiz v. Regan*, 749 F. Supp. 1254, 1263 (S.D.N.Y. 1990) ("… unsupported assertions by counsel contained in a brief 'are not evidence of anything' ")) See *Brundage v. Nat'l Broad. Co.,* 1994 WL 68502, at *11 (S.D.N.Y. Mar. 2, 1994) citing *Ortiz*, 749 F. Supp. 1254 (Court must ignore unsubstantiated statements in briefs since it cannot treat them as facts); *Sellin v. Rx Plus, Inc.,* 730 F. Supp. 1289, 1293 (S.D.N.Y. 1990) n.3 (S.D.N.Y. 1990) quoting Wyler v. United States, 725 F.2d 156, 160 (2d Cir. 1983) ("An affidavit of the opposing party's attorney which

---

[1] Cory Morris, an attorney who signed plaintiffs' papers in opposition to the motion as "of counsel" to plaintiffs' attorney Richard H. Young, has not filed a Notice of Appearance in this case.

1

does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight.")

## POINT II

## PASSALACQUA IS NOT EXEMPT FROM THE SAFE ACT

Without citing any law to support the contention, Passalacqua asserts that he is exempt from the SAFE Act, and may therefore possess an assault weapon. This contention is not merely without legal basis: it is incorrect. New York Criminal Procedure §2.10(75), the statute which designates McArthur Airport security officers as peace officers, expressly limits their authority "to the grounds of the said airport" and further provides "nothing in this subdivision shall be deemed to authorize such officer to carry, possess, repair or dispose of a firearm unless the appropriate license therefor has been issued pursuant to section 400.00 of the penal law."

Passalacqua could not possess an assault weapon prohibited under the SAFE Act despite § 2.10(75).

## POINT III

## PLAINTIFFS' CONTENTIONS REGARDING DISCOVERY ARE IRRELEVANT TO THE MOTION

As thoroughly explained in the moving memorandum of law, County defendants are entitled to judgment on the pleadings pursuant to Rule 12(c) because, taking the allegations of the Complaint as true for purposes of the motion, no conduct by County defendants amounting to a constitutional violation is asserted.

2

In response, plaintiffs argue that they require discovery to gather the facts needed to oppose the motion. Tellingly, they do not identify a single issue of fact that must actually be resolved for the motion to be correctly determined. It is clear that there are no such issues and could not be any since by moving under Rule 12 (c), County defendants invite the Court to assume the truth of plaintiffs' allegations for purposes of the motion. Plaintiffs' plea for discovery rings hollow for they lack a cognizable § 1983 claim even if their assertions are taken as true.

Besides, plaintiffs' assertion that County defendants have attempted to deny them discovery is inaccurate and diversionary. Plaintiffs have not requested any depositions and County defendants' time to respond to their document demand, the sole discovery device they have served in this case, has not yet run. The Internal Affairs Bureau report is not being withheld. It has not yet been finalized by the Police Department (see Declaration of Arlene S. Zwilling). Plaintiffs' grievances about discovery in the companion case have no bearing on the correct disposition of this motion, which is addressed to the sufficiency of the complaint herein.[2] Plaintiffs' groundless complaints concerning discovery are a transparent effort to divert the Court's attention from the irremediable inadequacies of their pleading.

---

[2] Furthermore, for the reasons discussed in County Defendants' submission in reply with respect to our Rule 12(c) motion in *Nin* (docket entry no.92-3, 92-4), the complaints of plaintiffs' counsel regarding discovery in *Nin* are not valid.

3

## POINT III

### PLAINTIFFS FAIL TO ARTICULATE
### A CONSTITUTIONAL VIOLATION

Plaintiffs' arguments in support of their First, Second, Fifth Eighth and Fourteenth Amendment claims are essentially carbon copies of the arguments presented in opposition to County Defendants' Rule 12(c) motion in the related action.  Accordingly, in the interest of brevity, County defendants refrain from reiterating their reply to those arguments, and instead, respectfully refer the Court to, and incorporate herein, the arguments set forth in Point II of their Reply Memorandum of Law submitted in *Nin* (docket entry no. 92-4).

## POINT IV

### INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
### IMMUNITY ON THE FACTS AS ALLEGED
### BY PLAINTIFFS

It is less than clear what exactly plaintiffs' arguments against the availability of the qualified immunity defense are.  As far as County defendants can intuit, it appears that they contend that 1) there are factual issues requiring resolution before the applicability of the defense can be determined; 2) the rights they seek to vindicate are clearly established; and 3) the defense does not apply to official capacity claims.

None of these theories holds water. County defendants agree that since official capacity claims are claims against the employing municipality, rather than an individual employee, qualified immunity is inapplicable to such claims.  *Lore v. City of Syracuse*, 670 F.3d 127, 165 (2d Cir. 2012).  However, it matters not because the County does not raise the defense and plaintiffs have not sued anyone in their official capacity.  Any disagreement

4

regarding the facts is no barrier to qualified immunity because even assuming the accuracy of all plaintiffs' factual claims, individual defendants are entitled to qualified immunity. Plaintiffs do not identify any clearly established right purportedly violated, but inarguably, at the time plaintiffs' pistol licenses were suspended and temporary possession of their firearms taken, airport security officers had no clearly established right exempting them from the SAFE Act, or prohibiting the suspension of their pistol licenses (see page 18, County Defendants' Memorandum of Law in Support of Motion Pursuant to Rule 12(c)).

Moreover, since Klein was not an airport security officer, he certainly had no such clearly defined right.

## POINT III

### PLAINTIFFS FAIL TO SHOW THAT THEY ARE ENTITLED TO LEAVE TO AMEND

Plaintiffs alternatively urge the Court to grant them leave to amend the Complaint. However, they do not cross move for leave, nor do they submit a proposed amended complaint.  They do not acknowledge any possible inadequacies in the Complaint, much less explain how they can remedy the defects. The disclosure of police officer disciplinary records by virtue of the recent repeal of Civil Rights Law §50-a will not enable them to fortify the Complaint.  The County's discipline of individual defendants is irrelevant because none of the wrongdoing alleged by plaintiffs amounts to a constitutional violation.  Under these circumstances, the Court should refrain from granting them leave to file an Amended Complaint. *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274 (2d Cir. 2006) (District Court

5

properly denies leave to amend where plaintiff's counsel did not advise how the Complaint's defects would be cured).

Absent a cognizable § 1983 claim, plaintiffs' protestations about their pistol licensing situation belong in the courts of New York State. *Negron v. Suffolk Cty. Police Dep't*, 2020 WL 3506061 (E.D.N.Y. June 29, 2020).  See *Aron v. Becker*, 48 F. Supp. 3d 347 (N.D.N.Y. 2014), 37–71 (N.D.N.Y. 2014) ("an aggrieved pistol permit applicant has well established recourse under N.Y. CPLR Article 78").  See also *Weinstein v. Krumpter*, 386 F. Supp. 3d 220, 231 (E.D.N.Y. 2019) citing *Martino v. Nassau Cty. Police Dep't*, 66 A.D.3d 781, 781–82, 887 N.Y.S.2d 204 (2009) (adverse licensing decisions may be challenged in state court).

## CONCLUSION

For the above reasons, defendants' motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the Complaint as against them should be granted without granting plaintiffs leave to plaintiffs to amend the Complaint or other relief.

Dated:  Hauppauge, New York
        July 3, 2020

                          Dennis M. Cohen
                          Suffolk County Attorney
                          Attorney for County Defendants
                          100 Veterans Memorial Highway
                          P.O. Box 6100
                          Hauppauge, New York 11788

            By:    */s/ Arlene S. Zwilling*
                      Arlene S. Zwilling
                      Assistant County Attorney