UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY PASSALACQUA and GLEN KLEIN,

                    Plaintiffs,

              -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY EXECUTIVE STEVE BELLONE, SUFFOLK COUNTY POLICE COMMISSIONER GERALDINE HART, SUFFOLK COUNTY PISTOL LICENSING BUREAU EXECUTIVE OFFICER SGT. WILLIAM WALSH, SUFFOLK COUNTY COMMANDING OFFICER OF THE PISTOL LICENSING BUREAU LIEUTENANT MICHAEL KOMOROWSKI, PISTOL LICENSING BUREAU POLICE OFFICER BERNSTEIN, TOWN OF ISLIP, ANGIE CARPENTER, TOWN SUPERVISOR, DIRECTOR OF AIRPORT SECURITY KEVIN BURKE, ISLIP TOWN PERSONNEL DIRECTOR ARTHUR ABBATE, AIRPORT COMMISSIONER SHELLY LAROSE-ARKEN, SUFFOLK COUNTY PISTOL LICENSING BUREAU INVESTIGATOR NICHOLAS LARUSSO, and SUFFOLK COUNTY POLICY DEPARTMENT DETECTIVE SGT. MICHAEL FLANAGAN,

                    Defendants.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

19-cv-05738 (GRB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), on referral from the Honorable Gary R. Brown for Report and Recommendation, are: (1) Defendants' County of Suffolk, Suffolk County Executive Steve Bellone, Suffolk County Police Commissioner Geraldine Hart, Suffolk County

Pistol Licensing Bureau Executive Officer Sgt. William Walsh, Suffolk County Commanding Officer Pistol Licensing Bureau Lieutenant Michael Komorowski, Pistol Licensing Bureau Police Officer Bernstein, Suffolk County Pistol Licensing Bureau Investigator Nicholas LaRusso, and Suffolk County Policy Department Detective Sgt. Michael Flanagan (collectively, the "County Defendants") renewed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), *see* County Defendants' Letter Motion for Reconsideration ("County Defendants' Motion" or "Cty. Def. Mot."), Docket Entry ("DE") [77]; and (2) Defendants' Town of Islip, Angie Carpenter, Town Supervisor, Director Airport Security Kevin Burke, Islip Town Personnel Director Arthur Abbate, and Airport Commissioner Shelly LaRose-Arken (collectively, the "Town Defendants") renewed motion for judgment on the pleadings pursuant to Rule 12(c) of the Fed. R. Civ. P., *see* Town Defendants' Letter Motion for Judgment on the Pleadings ("Town Defendants' Motion" or "Town Def. Mot."), DE [78].[1]

By way of Complaint dated October 10, 2019, Anthony Passalacqua and Glen Klein ("Plaintiffs"), commenced this action against the County Defendants and Town Defendants (together, "Defendants") alleging: (1) violations of Plaintiffs' rights under

---

[1] As set forth on the docket at DE [68], Plaintiff Passalacqua filed for bankruptcy protection on August 24, 2022 thereby staying this litigation as to him. *See* Letter to the Honorable Gary R. Brown, U.S.D.C. Judge by Marc A. Pergament, DE [68]; *see also* Order dated October 19, 2022. This case is still proceeding as to Plaintiff Klein however, and Defendants' motions are made as to both Plaintiffs together applying all the same arguments. Accordingly, but for the stay, the Court's reasoning applies with equal force as to both Plaintiffs, and the recommendation is the same as to Passalacqua once he obtains relief from the stay.

the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and (2) a conspiracy amongst Defendants to violate the same. *See* Complaint ("Compl."), DE [1]. Defendants deny liability. *See* Answer of County Defendants, DE [12]; Answer of Town Defendants, DE [10]. For the reasons set forth below, the Court respectfully recommends that both the County Defendants' Motion and Town Defendants' Motion be denied.

## I.   DISCUSSION

The County Defendants and Town Defendants initially filed motions for judgment on the pleadings on July 6, 2020 and January 22, 2021 respectively. *See* County Defendants' Notice of Motion Pursuant to Rule 12(c), DE [31]; Town Defendants' Notice of Motion Pursuant to Rule 12(c), DE [36]. This action was ordered administratively closed and both motions were terminated on February 24, 2021. *See* Order dated February 24, 2021. Plaintiffs' motion to reopen the case was denied on March 18, 2021. *See* Order dated March 18, 2021. Plaintiffs appealed, and the March 18, 2021 order was vacated the Second Circuit on March 1, 2022, reinstating both motions. *See* Summary Order, DE [43]; Status Report, DE [46]; Status Report, DE [47]; Plaintiffs' Letter to Judge Brown, DE [48]; Order dated April 29, 2022. These motions were referred to this Court for Report and Recommendation on March 30, 2022. *See* Order dated March 30, 2022.

After the Second Circuit's decision reviving this case but before Judge Brown's referral of the motions to this Court, the United States Supreme Court issued its decision in *New York State Rifle & Pistol Assn v. Bruen*, which dramatically altered

the framework for judicial review under the Second Amendment. 142 S. Ct. 2111 (2022). In *Bruen*, the Court rejected the two-step test previously used by the Courts of Appeals. *Id.* at 2126. Under the prior test, the government could justify its regulation by "establishing that the challenged law regulates activity falling outside the scope of the [Second Amendment] right as originally understood." *Id.* (quoting *Kanter v. Barr,* 919 F. 3d 437, 441 (7th Cir. 2019)). If the historical evidence was "inconclusive or suggests that the regulated activity is not categorically protected," courts proceeded to step two and analyzed "how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." *Bruen*, 142 S. Ct. at 2126. (quoting *Kanter*, 919 F. 3d at 441). Where a core Second Amendment right was burdened, courts were to apply strict scrutiny and ask whether the government can show that the regulation is "narrowly tailored to achieve a compelling interest." *Bruen*, 142 S. Ct. at 2126 (quoting *Kolbe v. Hogan*, 849 F. 3d 114, 133 (4th Cir. 2017)). In all other circumstances, courts applied intermediate scrutiny and considered whether the regulation "is substantially related to the achievement of an important governmental interest." *Bruen*, 142 S. Ct. at 2126-27 (quoting *Kachalsky v. Cty. of Westchester*, 701 F. 3d 81, 96 (2d Cir. 2012)).

In *Bruen,* the Court articulated a new standard, holding that "when the Second Amendment's plain text cover's an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2129-30. To regulate such conduct, the government must demonstrate that the regulation at issue "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. Several

4

courts have applied this standard – across a variety of circumstances – to uphold the rights of gun owners in the wake of *Bruen*. *See e.g., Frein v. Pennsylvania State Police*, 47 F. 4th 247, 256 (3d Cir. 2022) (holding that parents of accused murderer whose guns were seized by police stated Second Amendment and Taking Clause claims under *Bruen*); *Hardaway v. Nigrelli*, No. 22-cv-771, 2022 WL 11669872, at *15 (W.D.N.Y. Oct. 20, 2022) (applying *Bruen* and finding that plaintiffs were likely to succeed on the merits of a Second Amendment challenge to a New York state statute prohibiting possession of firearms in places of worship); *Antonyuk v. Hochul*, No. 22-cv-986, 2022 WL 5239895, at *10 (N.D.N.Y. Oct. 6, 2022) (holding that under *Bruen* plaintiffs were likely to succeed on the merits of a constitutional challenge to New York state's "good moral character" requirement to obtain a handgun license); *Rigby v. Jennings*, No. 21-cv-1523, 2022 WL 4448220, at *8 (D. Del. Sep. 23, 2022) (applying *Bruen* and finding that plaintiffs were likely to succeed on the merits of a challenge to a Delaware statute prohibiting the manufacture of untraceable firearms).

This Court issued a Report and Recommendation on November 7, 2022 that the County Defendants' and Town Defendants' motions be denied without prejudice to renew in light of the *Bruen* decision. *See* Report and Recommendation dated November 7, 2022. On December 6, 2022, Judge Brown adopted this Court's Report and Recommendation in its entirety. *See* Order dated December 6, 2022. The Court sought to give Defendants an opportunity to explain how the new standard articulated in *Bruen* applies to Plaintiffs' claims. Defendants declined to do so. Instead, the County Defendants and Town Defendants each submitted one-page

5

letters to this Court seeking to renew their motions as previously briefed.  *See* Cty. Def. Mot.; Town Def. Mot.  The County Defendants argued that *Bruen* pertains only to concealed carry licensing for handguns and therefore has no bearing on Plaintiffs' claims.  *See* Cty. Def. Mot. at 1.  The Town Defendants argued that *Bruen* has no impact on Plaintiffs' claims because: (1) the Town Defendants were not involved with the suspension of Plaintiffs' pistol permits, (2) the events at issue took place four years before *Bruen* was decided, and (3) the holding in *Bruen* is limited to concealed carry licensing for handguns.  *See* Town Def. Mot. at 1.

Defendants' arguments have no merit.  For one, the holding in *Bruen* is not limited to handguns or the concealed carry licensing statute.  *See e.g., Frein,* 47 F. 4th at 251-56 (applying *Bruen* to all firearms seized from plaintiffs – including long arms and handguns – and concluding that the plaintiffs stated viable claims under the Second Amendment).  Further, the fact that the events at issue took place prior to the Supreme Court's decision in *Bruen* has no bearing on its applicability to the present motions.  *See Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is controlling interpretation of federal law and must be given full retroactive effect in all cases . . . as to all events, regardless of whether such events predate or postdate our announcement of the rule.").  While it may be the case that Plaintiffs' claims lack merit under the standard articulated in *Bruen*, the Court declines to make Defendants' arguments for them, evaluating the conduct at issue in comparison to the country's historic tradition of gun regulation.

6

The Court also notes that the Town Defendants argue they "had no involvement with the suspension of plaintiffs' pistol permits." Town Def. Mot. at 1. While this may be, the Complaint alleges to the contrary. Assuming that Defendant Burke allegedly filed a complaint with the Suffolk County Police Department that led to the revocation of Plaintiffs' pistol licenses, the County Defendants and Town Defendants acted together to take Plaintiffs' guns. Compl. at ¶ 48. Accepting this allegation as true, as the Court must on a Rule 12 motion, *see LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009), the Court concludes that Plaintiffs are entitled to discovery on the issue of the Town Defendants' involvement with the suspension of their pistol licenses and the subsequent seizure of their firearms.

## II. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the County Defendants' Motion and Town Defendants' Motion be denied without prejudice to motions for summary judgment at the conclusion of discovery.

## III. OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy of it on each Plaintiff via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified period waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL

4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         December 9, 2022

                                        /s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge